### MARHOLTZ v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9709. Decided May 13, 1929

J A Klein, Cleveland, for Marholtz.
Ray T Miller and E J Hopple, both of Cleveland, for State.

SULLIVAN, J.

It will be observed that such declarations made by the injured person several days after the perpetration of the offense are competent providing an explanation is made as to a cause for delay. In the Dunn case supra, there was no explanation or excuse and that is the reason that the Supreme Court held that it was error to permit such statement to be given in evidence to the jurors. The use and purpose of such declarations are corroboration of the testimony of the prosecutrix given in open court and such declarations are not admissible as evidence in chief to prove the commission of the offense. Therefore we examine the record to ascertain whether by inference, circumstance or evidence of any other character there is a reasonable explanation, which taken together with all the other evidence in the case, was sufficient to warrant the verdict.

Now we must remember that this is a criminal case and the rules of evidence in criminal cases apply. That is to say the evidence must be of such a substantive nature that the jury can rely upon it for the abiding conviction of guilt which is necessary in order to reach a verdict of guilty beyond the existence of a reasonable doubt. There is nothing in the evidence excepting inferences and speculations as to any explanation or justifiable excuse for the delay of five or six days in making the declarations of the accusation by the prosecutrix. It seems to be disclosed from the record that there was no affirmative effort upon the part of the State to conform to the ruling of the Supreme Court in Dunn supra, and the inferences above noted are altogether too insubstantive upon the point under discussion to satisfy the authority in the Dunn case. As we understand that decision the declaration of the prosecutrix in order to be of legal avail as to furnishing a reason for delay, must be connected with a justifiable excuse therefor or else the testimony is incompetent. Whether there was a reason for such failure to excuse the delay or whether it was an oversight on the part of the State we are unable say but it is our unanimous conclusion that the absence of any testimony of a substantive nature showing a justification for the delay or a reasonable explanation thereof, that under the ruling of Dunn supra, plaintiff in error did not have that impartial trial that is guaranteed him by the Constitution.

Holding these views the judgment of the lower court is reversed for the reasons herein given and the cause is remanded for further proceedings according to law.

Vickery, PJ, and Levine, J, concur.